UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HECTOR ANTONIO CASTRO-ASTURIAS,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-2643

Honorable Paul L. Maloney

**DISMISSAL ORDER**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Pet., ECF No. 1), and an emergency motion for immediate issuance of a writ of habeas corpus ad prosequendum, (Mot., ECF No. 2), requesting that the Court direct Respondents to produce Petitioner before the Allegan County District Court for a preliminary examination in Petitioner's pending criminal case on September 23, 2026, at 9:00 a.m. (Pet., ECF No. 1; Mot., ECF No. 2). Petitioner does not challenge the constitutionality of his ICE detention. (Pet., ECF No 1, PageID.1–2.) Petitioner only seeks a writ of habeas corpus ad prosequendum to be present at his preliminary examination. (*Id.*)

For the reasons set forth below, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice. *See* 28 U.S.C. § 2243 (setting forth that a court must promptly order an answer or grant the writ under § 2241, "unless it appears from the application that the applicant or person detained is not entitled thereto").

**Discussion**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

Petitioner filed his § 2241 petition on September 22, 2026. As relief, Petitioner asks the Court to grant the petition and issue a writ of habeas corpus ad prosequendum under § 2241(c)(5) to obtain the temporary presence of Petitioner for his criminal proceeding scheduled for September 23, 2026 at 9:00 a.m. in the Allegan County District Court. (Pet., ECF No. 1, PageID.5, 8–9.) Alternatively, Petitioner asks this Court to issue mandamus or other extraordinary relief under 28 U.S.C. §§ 1361 and 1651 to compel federal officers to arrange Petitioner's temporary transportation and production for the criminal proceeding. (*Id.*, PageID.8–9.)

As set forth above, Petitioner filed the present § 2241 petition on September 22, 2026, asking the Court to grant the petition to ensure Petitioner's attendance at his criminal proceeding scheduled for September 23, 2026 at 9:00 a.m. in the Allegan County District Court. The date of the scheduled preliminary examination in the Allegan County District Court has passed, and Petitioner seeks no other relief in his present § 2241 petition. Under these circumstances, Petitioner's § 2241 petition is moot, and the Court will dismiss the action without prejudice. Further, Petitioner's emergency motion for immediate issuance of a writ of habeas corpus ad prosequendum is moot.

## Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: September 29, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge